*White & Reaves, for appellant.*

---

D. A. HAUSMAN *v.* M. LYLES.

Equity—Anullment of Judgment in Ordinary Action.

> A proceeding in equity cannot be maintained to annul a judgment in an ordinary action, for a defense not discovered since the rendering of the judgment, but of which the plaintiff was fully aware.

APPEAL FROM M'CRACKEN CIRCUIT COURT.

November 2, 1870.

OPINION OF THE COURT BY JUDGE HARDIN:

The appellee, My Lyles, having acquired the note of the appellant, D. A. Housman, for $99.78 by assignment from George Shell, the payee, while Hausman held Shell's note, then due, for $100, by assignment from Quigley and King, Lyles sued Hausman on his note, and the latter, unwilling to plead the debt of Shell as a set-off to the action against him, which it clearly appears he might have done successfully, brought a separate suit on the note held by him, making Lyles a defendant, as well as Shell, and seeking, in effect to set off one of the debts against the other.

Without an answer in either case, both plaintiffs obtained judgments for their respective debts against the obligors. But it appears a motion of Hausman to consolidate the two suits was made and overruled before the judgments were rendered.

After the judgments were obtained, Hausman presented a petition to the court, alleging substantially facts which, if they had in apt time been pleaded as a set-off to the note of $99.78, would have constituted a bar to the action thereon; and he thereupon moved the court to render a judgment setting off one of the judgments against the other, and that motion being overruled, Hausman has appealed to this court.

Under section 407 of the Civil Code of Practice: "Judgments for the recovery of money may be set off against each other, having due regard to the legal and equitable rights of all persons interested in both judgments." And the set-off may be ordered upon motion after reasonable notice, when both judgments are in the same court, or in a suit in equity in the court in which the judgment sought to be set off was rendered. As no previous notice had been given of the appellant's motion in this case, though it was entered on the motion docket a short time before it was disposed of, it is obvious that no error was committed in merely overruling it; but as the court would not entertain the petition which was presented by the appellant, for any purpose, it is contended for the appellant that it erred in virtually deciding that the set-off sought by the petition ought not, on the grounds disclosed, to be adjudged in equity. The effect of the petition was to set up as against Lyles the incidental right of set-off, which existed against the note of $99.78 when it was transferred by Shell, and as has been shown, might have been made available as a legal defense to the suit of Lyles. Therefore, the relief asked by the petition was virtually to annual by a proceeding in equity Lyle's judgment obtained in an ordinary action, for a defense not discovered since the judgment was rendered, but of which the appellant was fully apprised from the time of Shell's assignment of the note to Lyles, which is expressly prohibited by the 14th section of the Civil Code of Practice.

Wherefore, the judgment is *affirmed*.

*Bramblett, for appellant.*

*Bryce, for appellee.*